IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RALPH ESCAVA and CHRISTOPHER ATKINS, individual and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EXACT SCIENCES CORPORATION,<br><br>    Defendant. | Case No. 3:23-cv-00448-jdp |

**DEFENDANT EXACT SCIENCES CORPORATION'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

## PRELIMINARY STATEMENT

Plaintiffs Ralph Escava and Christopher Atkins bring this putative class action complaint against Exact Sciences Corporation ("Exact Sciences"), alleging the receipt of calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. This Complaint, however, is based solely on conjecture. Plaintiffs do not provide the slightest factual support for their claims, and this action should be dismissed for three independent reasons.

***First***, at least some of Plaintiffs' claims are time-barred. The statute of limitations for TCPA claims is four years. Plaintiff Atkins, for example, alleges the receipt of calls on two phone numbers, one of which he has admittedly not used in *four years*. Plaintiff Atkins could not have received any calls on that number within the limitations period. Plaintiffs, in fact, fail to allege *any* dates for *any* calls, thereby drawing the timeliness, and plausibility, of their claims into doubt.

***Second***, Plaintiffs contend Exact Sciences violated the TCPA by placing automated and/or prerecorded calls to their cell phones. However, they fail to allege any facts to establish Exact Sciences had anything to do with the purported calls they received. Plaintiffs do not allege anything about the content of the calls, when the calls were allegedly received, or even the number from which the calls were placed. Plaintiffs simply state, in conclusory fashion, that they received calls from Exact Sciences. As drafted, any party could be substituted in for "Exact Sciences" without altering a single allegation. Rule 8 does not countenance such barren pleadings.[1]

***Third***, Plaintiffs contend Exact Sciences used an "automated system" and/or a "prerecorded voice" for the calls at issue, in violation of 47 U.S.C. § 227(b). The TCPA applies to certain calls made using an "automatic telephone dialing system" and a prerecorded or artificial voice. *See* 47 U.S.C. §§ 227(a)(1), (b). Plaintiffs again fail to include any facts to support either

---

[1] Exact Sciences has informed Plaintiffs that after a thorough internal investigation, it has not been able to identify any calls to Plaintiffs' numbers.

allegation. Plaintiffs regurgitate the statutory language in hopes of stating a claim, providing no factual support for the use of either an automatic telephone dialing system or prerecorded voice. Plaintiffs allege nothing about the content of the calls or facts surrounding the calls (*i.e.*, frequency, outbound number, etc.) so as to make their automated or prerecorded allegations plausible.

At no point do Plaintiffs offer a single factual allegation to plausibly suggest Exact Sciences made, or was even responsible, for a single call, much less that the calls were made using technology covered by the TCPA. Plaintiffs must provide some scintilla of factual support for their claims and they have not done so. For these reasons, and as detailed further below, Plaintiffs' Complaint should be dismissed with prejudice for failure to state a claim.

## BACKGROUND

Plaintiffs initiated this lawsuit July 5, 2023. (Dkt. 1.) Plaintiffs contend they received calls on their cell phones at some point in time prior to the Complaint. (*Id.*, ¶¶ 27, 32.) Plaintiffs each make substantially similar allegations concerning the calls at issue:

| **Plaintiff Atkins** | **Plaintiff Escava** |
|---|---|
| Defendant called Plaintiff Atkins on his cellular device at XXX-XXX-5997 and on his cellular device at XXX-XXX-4314 to sell its products to Plaintiff Atkins. . . . | Defendant called Plaintiff Escava on his cellular device at XXX-XXX-2444 at least 12 times to sell products. . . . |
| On information and belief, Defendant and/or one of Defendant's agents placed these calls to Plaintiff Atkins using an automated system for the selection or dialing of telephone numbers and the playing of an artificial or prerecorded voice without Plaintiff Atkin's prior consent. | On information and belief, Defendant's and/or one of Defendant's agents placed these calls to Plaintiff Escava using an automated system for the selection or dialing of telephone numbers and the playing of an artificial or prerecorded voice without Plaintiff Escava's prior consent. |
| Every time Plaintiff Atkins answered one of Defendant's calls there was a multiple second pause before the pre-recorded message began, using a prerecorded voice, and there was no caller ID, but the message identified as Exact Sciences. | Every time Plaintiff Escava answered one of Defendant's calls, a prerecorded message began immediately, using a prerecorded voice that was unable to answer specific questions asked by Plaintiff Escava. |

2

(Dkt. 1, ¶¶ 27-29, 32-34.) Plaintiffs provide no allegations concerning the content of the calls, the outbound numbers, or anything about the calls. Plaintiffs provide nothing more than the name "Exact Sciences" as support for why they believe Exact Sciences had anything to do with the calls.

Based on these slim allegations, Plaintiffs bring two claims under the TCPA, 47 U.S.C. § 227(b). Plaintiffs also seek to represent two nationwide classes defined as:

> National Telemarketing Class: All persons within the United States who (a) received a telephone call on their landline or cellular telephone; (b) made by or on behalf of Defendant; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").
>
> ATDS Class: All persons in the United States (a) who Defendant, or someone on Defendant's behalf, (b) called and played a prerecorded message, (c) placed by any device or system programmed to sequentially or randomly access stored telephone numbers, (d) to automatically connect a telephone with a recorded message.

(*Id.*, ¶ 36.)

## DISCUSSION

### I. LEGAL STANDARD.

Under Rule 12(b)(6), courts must dismiss a complaint where it does not "provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In other words, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation & citation omitted). Courts disregard conclusory allegations and legal conclusions because "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*,

3

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *Mountain Crest SRL, LLC v. Anheuser-Busch InBev SA/NV*, 456 F. Supp. 3d 1059, 1072 (W.D. Wis. 2020) (Peterson, J.) ("It is well established that legal conclusions are not enough to satisfy federal pleading standards.").

## II. AT LEAST SOME OF PLAINTIFFS' CLAIMS ARE TIME-BARRED AND MUST BE DISMISSED.

Plaintiffs' sparse allegations establish that at least some of Plaintiffs' claims are hopelessly time-barred, and the rest are woefully unsupported. The statute of limitations under the TCPA is four years. *See BABB Real Est. LLC v. Bennett*, No. 10-cv-119-WMC, 2011 WL 13209349, at *2 (W.D. Wis. Mar. 17, 2011). Even at the 12(b)(6) stage, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009).

Plaintiff Atkins alleges that he received calls on two phone numbers, one ending in 5997 and one ending in 4314. (Dkt. 1, ¶ 27.) Plaintiff Atkins claims he "had his current number [the 5997 number] for 4 years and *before that* had the number ending in 4314." (*Id.*, ¶ 30, emphasis added.) By Plaintiff Atkins' own admission, he cannot pursue claims relating to the 4314 number, which he has not had in more than four years—in other words, outside of the TCPA's statute of limitations. Further, Plaintiff Escava claims he received calls on a phone number he has had for more than 10 years. (*Id.*, ¶ 32.) Plaintiff Escava does not so much as contend—even in conclusory form—that he received any calls within the last four years.

Indeed, *neither* Plaintiff alleges a single date of any purported call. Plaintiffs' failure to allege any facts concerning the calls at issue, including simple facts such as the *dates* of the calls, renders Plaintiffs' claims implausible. The sparse facts Plaintiffs do include only serve to undercut the timeliness and plausibility of their claims. *See Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013), *on reconsideration* (June 7, 2013) (granting defendant's motion

4

to dismiss where the complaint included only "threadbare and conclusory facts" and failed even to "plead when the allegedly offending calls were made."); *see also Cunningham v. Chiorzi*, No. 3:20-CV-386-SI, 2020 WL 3104508, at *2 (D. Or. June 11, 2020) ("Further, the failure to provide the dates on which the alleged text messages were sent prevents the Court from knowing whether Plaintiff has brought his claim within the TCPA's statute of limitations, which is essential to determining if the facts alleged in the Complaint plausibly suggest an entitlement to relief.") (internal quotations omitted); *Chambers v. Nationwide Mut. Ins.*, No. 19-2601, 2020 WL 2475354, at *3 (N.D. Ohio May 13, 2020), *clarified*, 2021 WL 463279 (N.D. Ohio Feb. 8, 2021) ("The 83 Plaintiffs still fail to allege even a single date or time on which any of them received a call.").

### III.     PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO PLAUSIBLY ALLEGE TCPA CLAIMS.

#### A. Plaintiffs' Complaint Does Not Plausibly Allege That Exact Sciences Made or Caused The Purported Calls.

There are two types of liability under the TCPA—direct and vicarious. *See, e.g.*, *Vessal v. Alarm.com*, No. 17 C 2188, 2017 WL 4682736, at *2 (N.D. Ill. Oct. 18, 2017); *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020). Direct liability applies "to entities that 'initiate' the telemarketing calls"—in other words, the entity that "physically place[s]" the call. *Vessal*, 2017 WL 4682736, at *2. An entity can be held vicariously liable under common law theories of agency. *Id.* at *3; *Warciak*, 949 F.3d at 357 (affirming dismissal for failure to adequately allege vicarious liability). Plaintiffs fail to adequately allege either.

Plaintiffs both contend they received calls on their cellular telephones that were either automated or involved an artificial or prerecorded voice. (Dkt. 1, ¶¶ 27-29, 32-34.) Plaintiffs further contend, in conclusory fashion, that Exact Sciences placed or was responsible for these calls. (*Id.*, ¶¶ 27, 29, 32.) However, Plaintiffs never allege any facts to plausibly suggest Exact Sciences had anything to do with these calls, such that it could be directly or vicariously liable.

5

Each Plaintiff's allegations about Exact Sciences are conclusory and materially identical to the other's. Plaintiff Atkins claims in *ipse dixit* fashion that "the message identified as Exact Sciences." (Dkt. 1, ¶ 29.) Plaintiff Escava contends simply "Defendant called Plaintiff Escava . . . at least 12 times to sell products." (*Id.,* ¶ 32.) That is all. Plaintiffs fail to make any allegations about the content of the calls, dates and times, outbound phone numbers, or any other information about the calls at issue. Plaintiffs do not so much as allege whether they believe Exact Sciences or some third party entity made the calls. Plaintiffs make no effort whatsoever to connect the calls at issue to Exact Sciences. Any company name could be interchanged with "Exact Sciences" in Plaintiffs' Complaint without changing a word of the rest of the allegations.

It is axiomatic that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. In particular with respect to the TCPA, "merely repeating the elements of a cause of action or supporting claims with conclusory allegations is not sufficient to state a claim under the TCPA." *Van Elzen v. Advisors Ignite USA LLC*, No. 22-C-859, 2022 WL 16961131, at *2 (E.D. Wis. Nov. 16, 2022); *Hanley*, 934 F. Supp. 2d at 983 ("Hanley's complaint, therefore, is highly suspect because it merely recites naked facts mimicking the elements of a cause of action under the TCPA."); *Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) ("It is insufficient for plaintiff to simply parrot the language of the TCPA . . . .").

A plaintiff cannot simply allege that the defendant called his "cellular telephone on multiple occasions over the past four years using an automatic telephone dialing system . . . and/or an artificial or prerecorded voice." *Hanley*, 934 F. Supp. 2d at 979, 981 (finding "[t]his case is much ado about nothing. At least that is the conclusion that the Court must reach after reviewing

6

Hanley's wholly inadequate complaint in which next to nothing is pleaded."). In *Hanley,* the court dismissed the plaintiff's complaint with prejudice, noting the numerous missing facts, and holding "[t]he factual allegations in the complaint represent nothing more than 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* at 983 (quoting *Twombly*, 550 U.S. at 555).

*Aaronson v. CHW Group* also highlights the critical nature of alleging sufficient factual support to identify the actual caller. *See* No. 1:18-CV-1533, 2019 WL 8953349, at *1 (E.D. Va. Apr. 15, 2019). In *Aaronson*, the court evaluated a Rule 12(c) motion—which is viewed under the exact same legal standard as a 12(b)(6) motion—attacking the complaint on the basis that it alleged no facts concerning the caller or technology used to make the calls at issue. *Id.* The court evaluated theories of direct and vicarious liability, finding neither sufficiently alleged. Specifically:

> [P]laintiff fails to plead facts to support his conclusory allegation that defendant called plaintiff's cellular phone. The Complaint is devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone

*Id.* at *2. The court also disregarded the contention that the defendant "acted through its agents," holding "[t]his conclusory, boilerplate allegation plainly fails to provide any *facts* to demonstrate an agency relationship between defendant and the party who physically initiated the call." *Id.* at *3 (emphasis in original); *see also id.* (noting that "at the pleadings stage, plaintiff must allege some facts regarding the relationship between an alleged principal and agent that show defendant had the right to control the party making the calls; plaintiff cannot simply allege general control in a vacuum.") (internal quotations and citation omitted).[2]

---

[2] Myriad courts are in accord. *See, e.g.*, *Abante Rooter & Plumbing v. Farmers Grp.*, No. 17-03315, 2018 WL 288055 at *4 (N.D. Cal. Jan. 4, 2018) ("Plaintiff has not alleged facts showing that Farmers Group made the calls or that the callers were calling on behalf of or were employed by Farmers Group, as opposed to some other entity."); *Cunningham v. TechStorm, LLC*, No. 16-

7

Plaintiffs, in turn, allege nothing to plausibly suggest Exact Sciences had anything to do with the calls at issue. In the 12(b)(6) context, "[t]he plausibility of a complaint is context-specific to each legal claim." *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *2 (N.D. Ill. Dec. 18, 2012). Plaintiffs are unable to provide *any* support for their assertions that Exact Sciences made or was responsible—either directly or as a matter of vicarious liability—despite that they would necessarily possess *some* information pertaining to the calls they allegedly received. Plaintiff Escava, for example, claims to have received 12 calls, but provides no detail about *any* of these calls—not the contents, dates, or the outbound numbers. (*Id.* ¶ 32.) Plaintiffs neither allege facts to suggest Exact Sciences physically placed the calls (direct liability) nor that Exact Sciences is responsible for the actions of other callers or agents (vicarious liability) and facts to support any theory of vicarious liability (actual agency, apparent authority or ratification). *See Aaronson*, No. 2019 WL 8953349, at *2-3; *see also Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602 (E.D. Pa. 2021) (finding plaintiff failed to allege the defendant sent the messages at issue, failing to allege the content of the message or the outbound number).

At a minimum, Plaintiffs must allege facts to support the content of the calls and facts to plausibly connect the outbound call numbers to Exact Sciences. *Cf. Perez v. Quicken Loans, Inc.*, No. 19-CV-2072, 2020 WL 1491145, at *3 (N.D. Ill. Mar. 27, 2020) ("[I]t is not too much to ask that a plaintiff who was so frustrated over persistent calls from the same number to have contacted

---

2879, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) ("The Amended Complaint does not provide sufficient factual allegations regarding the source, time, and frequency of the calls."); *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-02440, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) ("Plaintiffs assert in an entirely conclusory fashion that Experian caused texts to be sent on behalf of AEO . . .") (internal quotation omitted); *Pepper v. Life Protect 24/7*, No. 20-02154, 2020 WL 10981893, at *3 (S.D. Tex. Nov. 9, 2020) ("Pepper's amended complaint lacks facts and is simply a recitation of the elements of her causes of action. . . . For example, the plaintiff does not provide support for or state the following: (a) how she determined Life Protect as the caller . . . .").

a lawyer actually recall and set down in a pleading the details of the interactions that led her to bring a federal case."). Plaintiffs have not done that here, and their claims must be dismissed.

**B.  Plaintiffs Do Not Plausibly Allege that the Calls at Issue Used the Requisite Covered Technology.**

Plaintiffs bring this action pursuant to 47 U.S.C. § 227(b)(1)(A)(iii). Subsection 227(b)(1)(A)(iii) states that:

> It shall be unlawful for any person within the United States . . .
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any ***automatic telephone dialing system or an artificial or prerecorded voice***— . . . (iii) to any telephone number assigned to a paging service, cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Plaintiffs assert two claims—one for the alleged use of an "automatic telephone dialing system" (an "ATDS") and a second for the alleged use of an artificial or prerecorded voice. (*See* Dkt. 1, ¶¶ 43-69.) Plaintiffs, however, do not adequately allege the use of either an ATDS or an artificial or prerecorded voice, and the complaint should be dismissed accordingly.[3]

### *i. Plaintiffs do not adequately allege the use of an ATDS.*

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Supreme Court has clarified that an ATDS "must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v.*

---

[3] Plaintiffs' Complaint also includes misplaced conclusory assertions. Plaintiffs include allegations regarding the failure to abide by do-not-call requests. (Dkt. 1, ¶¶ 22, 23.) Plaintiffs do not bring claims under the TCPA's do-not-call provisions, and do not contend they ever made do-not-call requests. The Complaint also references "three" plaintiffs (there are two). (Dkt. 1, ¶ 47.)

9

*Duguid*, 141 S. Ct. 1163, 1167 (2021); *see also Watts v. Emergency Twenty Four, Inc.*, No. 20-1820, 2021 WL 2529613, at *2 (N.D. Ill. June 21, 2021).

The Supreme Court's *Duguid* decision echoed an earlier decision from the Seventh Circuit in *Gadelhak v. AT&T Servs., Inc.*, in which the Seventh Circuit determined that an ATDS must have "the capacity to generate random or sequential numbers . . . ." 950 F.3d 458, 469 (7th Cir. 2020). Following *Gadelhak*, courts in this Circuit noted that "it is fair to conclude that the standards for pleading and proving a claim under section 227(b)(1)(iii) have been raised, especially in regard to the [ATDS] element." *Perez*, 2020 WL 1491145, at *2.

Courts in this Circuit and across the country—particularly following the Supreme Court's *Duguid* and Seventh Circuit's *Gadelhak* decision—have required *factual support* for the contention that an ATDS was used. *See, e.g.*, *Watts*, 2021 WL 2529613, at *3 ("These facts, however, do not support an inference that EMERgency24's system is an ATDS under the interpretation set forth in *Duguid*."); *Wilson v. Rater8, LLC*, No. 20-CV-1515-DMS-LL, 2021 WL 4865930, at *2 (S.D. Cal. Oct. 18, 2021) ("Furthermore, Plaintiff fails to allege additional facts sufficient to support an inference that the text message at issue was sent using an ATDS."); *Hildre v. Heavy Hammer, Inc.*, No. 3:20-CV-00236-L-LL, 2021 WL 734431, at *2 (S.D. Cal. Feb. 25, 2021) ("[A] plaintiff cannot rely on conclusory allegations" that an ATDS was used); *Camunas*, 541 F. Supp. 3d at 603 ("The Court concludes that the Amended Complaint does not plausibly allege that the NRSC used an ATDS to send the messages at issue."). Indeed, even before the *Duguid* decision, courts within this Circuit commonly held "[i]t is insufficient for plaintiff to simply parrot the language of the TCPA and conclusorily allege that defendants used an ATDS." *Martin*, 2015 WL 4148704, at *2.

Plaintiffs' conclusory allegations of the use of an ATDS fall well far short. Both Plaintiffs state: "[o]n information and belief, Defendant and/or one of Defendant's agents placed these calls . . . using an automated system for the selection or dialling of telephone numbers . . . ." (Dkt. 1, ¶¶ 28, 33.) That is all. Plaintiffs allege nothing about the calls, nothing to suggest that Plaintiffs were called with technology that had "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Duguid*, 141 S. Ct. at 1173. Indeed, given Plaintiffs' proposed ATDS class definition—which is drawn solely around equipment that can "access stored telephone numbers," (Dkt. 1, ¶ 36)—it is clear that Plaintiffs have no intention of alleging facts to support the use of an ATDS, as the Seventh Circuit and Supreme Court have interpreted. *See Gadelhak*, 950 F.3d at 460 (holding that dialling numbers from a database did not constitute an ATDS). As a result, Plaintiffs do little more than parrot the statutory definition with the preface "on information and belief," and even then fail to suggest a "random or sequential number generator" was used. This kind of bald "information and belief" pleading is plainly insufficient. *See, e.g.*, *Olson v. Randstad HR Sols. of Delaware, LLC*, No. 23-C-0509, 2023 WL 4785550, at *5 (E.D. Wis. July 17, 2023) ("But no factual content supports this [information and belief] allegation or explains how plaintiff might be aware of defendants' internal policies.").

Recent decisions dismissing substantially similar allegations reiterate that dismissal is warranted here. For example, in *Camunas* the plaintiff brought suit claiming that the National Republican Senatorial Committee sent unsolicited text messages using an ATDS. *See* 541 F. Supp. 3d at 598. The court found that the plaintiff failed to adequately allege the use of an ATDS because "[t]he pleading does not identify the specific content of the messages, nor does it identify the phone number from which the messages were sent . . . ." *Id.* at 603. In *Watts*, the Northern District of Illinois evaluated the alleged use of an ATDS. *See* 2021 WL 2529613, at *2. Following a

summary of the controlling law, the court noted "even though a plaintiff will rarely, if ever, know the specific functionality of a system used by a defendant before discovery, the plaintiff must still allege sufficient facts to 'nudge' his claim "across the line from conceivable to plausible." *Id.* at \*4 (internal quotations and citation omitted).  The court found that, following *Gadelhak*, "a TCPA complaint must include 'more robust' details to sufficiently allege the use of an ATDS." *Id.*  The court thus disregarded the plaintiff's conclusory assertions and dismissed the claim.

As in *Camunas* and *Watts*, Plaintiffs provide no factual support for the assertion that an ATDS was used, and instead merely paraphrase the statutory definition "on information and belief."[4]  This is flatly insufficient, and Plaintiffs' ATDS claim must be dismissed.

> ### ii.  *Plaintiffs do not adequately allege the use of an artificial or prerecorded voice.*

Plaintiffs' second claim—an alleged violation of 47 U.S.C. § 227(b)(1)(A)(iii) stemming from alleged prerecorded voice messages—fares no better.  Plaintiffs must allege *facts* to support the alleged use of an artificial or prerecorded voice.  *See, e.g.*, *Van Elzen*, 2022 WL 16961131, at \*2 ("Plaintiff simply alleges that the call he received from Defendants was a prerecorded message. But merely repeating the elements of a cause of action or supporting claims with conclusory allegations is not sufficient to state a claim under the TCPA."); *Moore v. CHW Grp., Inc.*, No. 18-6960, 2019 WL 3216029, at \*2 (N.D. Ill. July 17, 2019) ("At the very least Moore is required to plead a layman's explanation for why he believed that the solicitation was pre-recorded.").

Again, Plaintiffs' Complaint is entirely lacking.  Plaintiffs simply state: "Defendant has delivered and continues to deliver prerecorded messages," and that a "pre-recorded message" or

---

[4] To the extent Plaintiff Atkins claims he also alleged a "multiple second pause" before a message was played, (Dkt. 1, ¶ 29), this, too, fails to support the alleged use of an ATDS.  *See Perez*, 2020 WL 1491145, at \*2-3 ("[I]t also cannot be the case that every barebones TCPA claim can survive a motion to dismiss by alleging unwanted calls and a short period of dead air when the call is answered.")

"prerecorded voice" was used. (*Id.*, ¶¶ 21, 28, 29, 34; *see also id.*, ¶¶ 57, 61.) Plaintiffs allege nothing to suggest the content of the calls or why they believe the voice was prerecorded or artificial. Plaintiffs simply deem the calls prerecorded and regurgitate the terminology used in the TCPA. Plaintiffs' Complaint lacks any substantive factual allegations relaying the content of, or facts surrounding, the calls at issue. Basic pleading standards require more. *See, e.g.*, *Moore*, 2019 WL 3216029, at *2; *Van Elzen*, 2022 WL 16961131, at *2 ("Plaintiff simply alleges that the call he received from Defendants was a prerecorded message."); *Johansen*, 2012 WL 6590551, at *3 ("Plaintiff provides no information about the two messages he allegedly received from Vivint other than stating that Vivint left pre-recorded messages on his cellular phone using an ATDS.").

As a final matter, Plaintiffs include a single allegation concerning the alleged failure to include in the call(s) an automatic opt out mechanism. (*See* Dkt. 1, ¶ 12.) This untethered assertion is apparently a reference to 47 C.F.R. § 64.1200(b)(3), which applies to prerecorded marketing calls. This contention is not only conclusory, but is manifestly unsupported. Plaintiffs (i) do not adequately allege the receipt of any prerecorded calls, or (ii) allege any content to the calls at issue such that Plaintiffs could plausibly contend the calls were marketing and lacked certain opt out mechanisms. This allegation, which appears to be a throwaway contention, should be disregarded.

Plaintiffs must allege basic factual support for their claims. Because they fail to do so, their claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Exact Sciences respectfully request the Court (i) dismiss this action with prejudice for failure to state a claim; and (ii) award all other relief it deems equitable and just.

Dated: September 5, 2023

  /s/ Bryce A. Loken
Matthew Splitek
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703
Telephone: (608) 251-5000
Facsimile: (608) 251-9166
matthew.splitek@quarles.com
bryce.loken@quarles.com

Mark S. Eisen, Esq. (*pro hac vice forthcoming*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
meisen@beneschlaw.com

*Counsel for Defendant Exact Sciences Corporation*